KARLA J. KRAFT, (State Bar 205530)
kkraft@sycr.com
DOUGLAS Q. HAHN, (State Bar 257559)
dhahn@sycr.com
SALIL BALI, (State Bar 263001)
sbali@sycr.com
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA  92660-6422
Telephone: (949) 725-4000
Fax: (949) 725-4100

Attorneys for Plaintiff
AUTOBYTEL INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOBYTEL INC., a Delaware corporation,<br><br>        Plaintiff<br><br>    vs.<br><br>DOES 1-10,<br><br>        Defendants. | Civil Action No.  8:15-cv-00037<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK COUNTERFEITING AND INFRINGEMENT;**<br>**(2) FALSE DESIGNATION OF ORIGIN;**<br>**(3) TRADEMARK DILUTION;**<br>**(4) CYBERPIRACY;**<br>**(5) COPYRIGHT INFRINGEMENT;**<br>**(6) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200 ET SEQ.;**<br>**(7) COMMON LAW INFRINGEMENT;**<br>**(8) COMMON LAW UNFAIR COMPETITION;AND**<br>**(9) COMMON LAW MISAPPROPRIATION**<br><br>**DEMAND FOR JURY TRIAL** |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1

COMPLAINT

LITIOC/2108226v4/103246-0002

Plaintiff Autobytel Inc. ("Autobytel") alleges as follows:

## NATURE OF THE CASE

1.      This is an action to enjoin unlawful trademark counterfeiting and cyberpiracy of Autobytel's automotive business services.  Under the various causes of action pled herein, Autobytel seeks a temporary restraining order, preliminary and permanent injunctive relief, and damages arising from Defendants' unlawful use of the famous and distinctive AUTOBYTEL trademark, AUTOBYTEL Design Logo mark, AUTOBYTEL.COM trademark, and YOUR LIFETIME AUTOMOTIVE ADVISOR service mark (collectively the "Autobytel Marks").

## SUBJECT MATTER JURISDICTION

2.      This action is based on the Copyright Act, sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, the California Business and Professions Code, and the common law of the state of California.

3.      This Court has subject matter jurisdiction over plaintiff's claims brought under the Copyright Act, sections 32 and 43 of the Lanham Act, pursuant to section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) as those claims arise under the trademark and copyright laws of the United States.  This Court has supplemental jurisdiction over the California Business and Professions Code claim and common law claims pursuant to 28 U.S.C. § 1367 as those claims arise from the same case and controversy as the Lanham Act claims.

## THE PARTIES, PERSONAL JURISDICTION AND VENUE

4.      Plaintiff Autobytel is a corporation duly organized and existing under the laws of Delaware with its principal place of business located at 18872 MacArthur Blvd., 2nd Floor, Irvine, CA 92612.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

2

COMPLAINT

LITIOC/2108226v4/103246-0002                                    Case No. 8:15-cv-00037

5.      Autobytel is ignorant to the true names and capacities of the Defendants sued as Does 1–10, inclusive, and therefore Autobytel has sued them by their fictitious names.  On information and belief, Does 1–10 were and are the moving, active, conscious forces behind the infringement of Autobytel's rights.  As such, Does 1–10 are liable to Autobytel.

6.      This Court has personal jurisdiction over Does 1–10 pursuant to section 410.10 of the California Code of Civil Procedure because they have committed a substantial portion of the acts that give rise to the claims in this action within the State of California and it was foreseeable that their actions would cause, and have caused, the injuries complained of herein within the State of California.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims pled have occurred in this judicial district.

## FACTS MATERIAL TO THE CLAIMS ALLEGED HEREIN

8.      Autobytel is an automotive media and marketing services provider. Through its marketing network and websites, Autobytel provides consumers the information they need to purchase new and used vehicles while offering dealers and manufactures resources to market to consumers.  Autobytel has helped tens of millions of automotive consumers research vehicles; connected thousands of dealers nationwide with motivated car buyers; and, helped every major automaker market its brand online.

9.      As a pioneer in the Internet automotive industry, Autobytel launched its flagship website Autobytel.com in 1995.  Autobytel has since grown its business into a wide network of online services and continues its dedication to innovating the industry's highest quality Internet programs.  Autobytel provides consumers with a comprehensive and positive automotive research and purchasing

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

3

LITIOC/2108226v4/103246-0002                            Case No. 8:15-cv-00037

experience, and auto dealers, dealer groups and auto manufacturers with one of the industry's most productive and cost-effective customer referral and marketing programs.  Autobytel is regarded as the industry leader in automotive research resources connecting consumers to dealers to facilitate a positive purchasing experience.

10.    Autobytel and its brand are famous and well-known across the country.  In 1996, Autobytel was the first internet company to advertise during the NFL's Super Bowl.  In 2000, the company had a multipage article written about it in Forbes Magazine.[1]  In fact, in April 2007, Autobytel was named one of California's 15 best technology innovators.[2]

11.    Autobytel's considerable success and its ability to provide innovative products and services to a customer base of millions of automotive consumers is driven largely by its reputation for excellence and trust.  Autobytel has expended substantial resources promoting its services and products under the Autobytel brand which has come to symbolize the goodwill associated with the company.  As a result, the Autobytel brand has become a well-recognized brand in the automotive industry.

12.    Autobytel is the owner of all rights in the AUTOBYTEL trademark, U.S. Trademark Registration No. 2,759,537, registered on September 2, 2003; the AUTOBYTEL.COM trademark, U.S. Trademark Registration No. 2,247,035, registered on May 25, 1999; the AUTOBYTEL Design Logo, U.S. Trademark Registration No. 2,830,426, registered on April 6, 2004; the WHAT'S HOT NOW trademark, U.S. Trademark Registration No. 4,224,138, registered on October 16, 2012; and the YOUR LIFETIME AUTOMOTIVE ADVISOR tag line, U.S. Trademark Registration No. 4,199,477, registered on August 28, 2012.  Copies of

---

[1] March 17, 2000 Forbes, "Autobytel Succeeds Globally"
[2] 2007 CA Innovation Awards by Government Technology

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4

COMPLAINT

LITIOC/2108226v4/103246-0002                                    Case No. 8:15-cv-00037

Autobytel's U.S. Trademark Certificates of Registration are attached hereto as **Ex. A**.

13.     Through their continuous use in commerce, the AUTOBYTEL, AUTOBYTEL.COM, and AUTOBYTEL Design Logo marks have become uncontestable pursuant to 15 U.S.C §1065.

14.     The AUTOBYTEL, AUTOBYTEL.COM and AUTOBYTEL Design Logo trademarks are famous and distinctive within the meaning of section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and have been famous and distinctive since long before the Defendants' acts complained of herein.

15.     Plaintiff also expended significant time and effort designing the aesthetics of its web-presence, paying particular attention to the separable artistic and layout elements.  As these elements are capable of existing independently of the functional aspects of the website, Autobytel has sought copyright protection for these aesthetic elements.  *See,* Copyright Case No. 1-1993412691, titled "Autobytel Website." Screenshots of Plaintiff's primary website are attached hereto as **Ex. B.**

16.     The fame and reputation of the Autobytel brand, however, has also caught the attention of unscrupulous counterfeiters who have now begun a campaign to capitalize on the strength, fame, and reputation of the Autobytel brand with counterfeit websites, branded as "Autobytel's escrow services."  Screenshots of some of Defendants' current websites, which are representative of the look and feel of all of these counterfeit websites, are attached hereto as **Ex. C**.

17.     The fraudulent escrow service purportedly facilitates automobile sales transactions by defrauding innocent buyers into submitting payment to the escrow service for fictitious vehicles, with the assurance that their escrowed funds will only be released once they receive, inspect, and accept the vehicle.  Only, no vehicle arrives and the buyer's money vanishes.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

5

COMPLAINT

LITIOC/2108226v4/103246-0002          Case No. 8:15-cv-00037

18.     The criminal enterprise at issue in this case is manifest.  Defendants post used vehicles for sale on legitimate used car websites, and then informs the interested buyer that the (fictitious) seller has moved overseas.  Defendants then email and urge the buyer to wire the money to the escrow service on Defendants' infringing websites, implying that the escrow service is clearly trustworthy as it is an Autobytel service.  After the innocent buyer is duped into transferring the money, Defendants' scheme is complete and the buyer receives nothing.

19.     Defendants are willfully misusing the Autobytel Marks to operate scam websites to intentionally and unlawfully confuse, trick, and defraud consumers into wiring money to Defendants under the mistaken belief that Defendants' "escrow service" is legitimately Autobytel's.

20.     Defendants have adopted, amongst others, the misleading Internet domain names "autobytel.com.vehicle.gs-update-confident.com/us-en/" "www.autobytel.com.vehicle-online-protect.com/us-en;" and "www.autobytel-inc.com" that purport to be sister websites to Autobytel.com.  Defendants' domain names unlawfully use Autobytel's famous Autobytel Marks and brand name in addition to the term "vehicle" which relates to Autobytel's business providing automotive services.  The use of the famous Autobytel Marks as parts of a domain name directs consumers seeking assurances in Autobytel's established reputation to Defendants' websites where the consumers are duped into transferring money to a fictitious escrow service falsely branded with the Autobytel Marks.

21.     Defendants' websites also prominently feature Autobytel Marks at the top of the homepages which also match the look and feel of Autobytel's website and make no attempt to clarify that Defendants are not affiliated with Autobytel. *See* **Ex. C**.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

6

COMPLAINT

LITIOC/2108226v4/103246-0002

Case No. 8:15-cv-00037

22.    Defendants' websites publicly display, reproduce, and use Autobytel's copyrighted works without authorization, license, or consent, thus violating Autobytel's exclusive rights in its works of authorship. *See* **Ex. C.**

23.    Defendants also purport to offer an Autobytel escrow service. Autobytel does not offer an escrow service, and has not authorized or otherwise licensed the use of the Autobytel brand or the Autobytel Marks to Defendants for any purpose, including but not limited to for use in relation to an escrow service. Defendants' use of the Autobytel brand has caused confusion and deceived consumers into transacting with Defendants believing that Defendants operate an authentic Autobytel escrow service.

24.    Defendants' unauthorized use of the Autobytel Marks has caused and is likely to cause confusion, mistake, and deception to consumers attempting to use Autobytel's services to purchase cars, leading the public to believe that Defendants' service emanates or originates from Autobytel, or that Autobytel has approved, sponsored, or otherwise associated itself with Defendants or its counterfeit services which falsely appear to be part of the Autobytel brand.

25.    Defendants' unauthorized use has also resulted in Defendants unfairly benefiting from Autobytel's goodwill and reputation, to the substantial and irreparable injury of the public, Autobytel, and Autobytel's authorized partner websites.

26.    Autobytel likewise has been harmed by Defendants' actions whenever a consumer mistakenly believes that the deceptive services offered by Defendants are actually services operated by Autobytel.  Indeed, confused and deceived consumers have come into Autobytel's corporate headquarters demanding reimbursement, and have launched complaints against Autobytel with the Better Business Bureau.  Defendants' actions have directly damaged the reputation for

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

7

COMPLAINT

LITIOC/2108226v4/103246-0002                      Case No. 8:15-cv-00037

high-quality and trusted services that Autobytel has worked years to establish.  The Better Business Bureau complaint against Autobytel is attached hereto as **Ex. D**.

27.     Despite Autobytel's diligent efforts to post Fraud Awareness Alerts on its website and otherwise attempt to stop this unauthorized and fraudulent use of Autobytel's Marks and brand new scam websites continue to crop up and Autobytel continues to endure complaints and inquiries from cheated consumers.

28.     Because Defendants' counterfeiting enterprise requires a consumer to transfer money—with sums in the thousands—directly to Defendants for fictitious goods that will never reach the consumer, defrauded consumers have no practical remedy or method of receiving reimbursement once they determine the services were fraudulent.

29.     The immediate and irreparable injury both to consumers who have no practical remedy for their unwitting transfer of money to Defendants and to Autobytel who is suffering immediate and irreparable injury to its reputation and goodwill, well-earned over years of work and expense, will not cease unless Defendants are immediately and permanently enjoined from further pursuing this criminal enterprise.

30.     The acts of Defendants have injured and/or will injure Autobytel by depriving it of revenue from its genuine services, injuring its business reputation, and by passing off Defendants' counterfeit services as authentic Autobytel services.

31.     Defendants have offered counterfeit services with knowledge that the services were in fact counterfeit.  Thus, Defendants' infringement of the Autobytel Marks is willful.

32.     Autobytel has been damaged in an amount not yet determined.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

8

COMPLAINT

LITIOC/2108226v4/103246-0002                                                Case No. 8:15-cv-00037

# FIRST CAUSE OF ACTION

## (Trademark Infringement and Counterfeiting

## Under Section 32 of the Lanham Act)

33.     Plaintiff Autobytel hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 32 above.

34.     By virtue of Defendants' conduct, Defendants have used and are using a illegitimate term in connection with the advertising, marketing, and offering of its Internet automotive escrow services in interstate commerce.  The term in question is identified with the Autobytel Marks presently used by Autobytel.

35.     Autobytel's services are offered and advertised to the same or similar classes of purchasers as Defendants' services.  As a result of Defendants' conduct, there is a strong likelihood of confusion, mistake, or deception, and many persons familiar with Autobytel's Autobytel Marks, its reputation, and its favorable goodwill, are likely to be tricked into using Defendants' services in the mistaken belief that such services are offered or authorized by Autobytel.

36.     Defendants' actions have been and are willful, unfair, false, and deceptive, in that they tend to mislead, deceive, and confuse, and have had and will have the result of misleading, deceiving, and confusing the public to believe that Defendants and/or their services are affiliated with, sponsored, or controlled by Autobytel.

37.     Consequently, Defendants have traded and are trading upon, and have gained and are gaining public acceptance and other benefits from Autobytel's favorable reputation and valuable good will, which have accordingly been placed at risk and damaged by Defendants' illegal actions and conduct.

38.     The foregoing actions of Defendants constitute trademark infringement by inducing the erroneous belief that Defendants and/or their

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

9

Case No. 8:15-cv-00037

1  Services are in some manner affiliated with, originate from, or are sponsored by

2  Autobytel in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

3      39.    The foregoing action of Defendants constitute trademark

4  counterfeiting by reproducing and copying Autobytel's registered marks and

5  applying them to their services used in commerce with the purpose of causing

6  confusion, mistake or to deceive in violation of section 32 of the Lanham Act, 15

7  U.S.C. § 1114.

8      40.    Autobytel is informed and believes, and on that ground alleges, that

9  Defendants have made and/or will make unlawful gains and profits from their

10  unlawful actions as alleged herein, and by reason thereof, Autobytel has been

11  deprived of gains and profits which otherwise would have inured to Autobytel but

12  for such unlawful actions, including but not limited to losses due to damage to

13  Autobytel's business reputation.

14      41.    Autobytel has no adequate remedy at law for the injuries alleged in

15  this Count.  The injury is, in part, intangible in nature and not capable of being

16  fully measured or valued in terms of money damages.  Further, the injury is of a

17  continuing nature and will continue to be suffered so long as Defendants continue

18  their wrongful conduct.

19      42.    Notwithstanding the inadequacy of, and the difficulty of presently

20  fully ascertaining the value of the damage to Autobytel caused by Defendants'

21  wrongful conduct, said conduct has resulted in irreparable, direct, and proximate

22  damages to Autobytel and Autobytel is entitled to injunctive relief under 15 U.S.C.

23  § 1116(a).

24

25  **SECOND CAUSE OF ACTION**

26  **(False Designation of Origin, Trade Name Infringement, and False**

27  **Description and Representation Under Section 43(a) of the Lanham Act)**

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

10

COMPLAINT

LITIOC/2108226v4/103246-0002                    Case No. 8:15-cv-00037

43.     Plaintiff Autobytel hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 42 above.

44.     This claim arises under section 43(a) of the Lanham Act.  Defendants' unauthorized use and threatened continued use in interstate commerce of the Autobytel Marks constitute use of a false designation of origin and a false description or representation that have caused and are likely to cause confusion, mistake, or deception (a) as to the characteristics, qualities, or origin of Autobytel's services, (b) as to an affiliation, connection, or association between Autobytel and Defendants, and (c) as to the sponsorship or approval of Defendants' services by Autobytel.

45.     Such actions, as used in commercial advertising, have misrepresented and do misrepresent the nature, characteristics, or qualities of Defendants' services and/or commercial activities.

46.     Upon information and belief, Defendants have intentionally and falsely designated the origin of their services by adopting and using a term that is substantially the same as the Autobytel Marks for their services so as to profit from Autobytel's reputation by confusing the public as to the source, origin, sponsorship, or approval of Defendants' services, with the intention of deceiving and misleading the public at large, and of wrongfully trading on the goodwill and reputation of Autobytel.

47.     The activities of Defendants complained of herein have caused and, unless enjoined, will continue to cause substantial and irreparable harm to Autobytel, its business reputation, and its goodwill, for which Autobytel is without adequate remedy at law.  Such activities have also caused Autobytel monetary loss and damage including, but not limited to, the loss of profits in an amount not yet determined.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

11

COMPLAINT

LITIOC/2108226v4/103246-0002

Case No. 8:15-cv-00037

48.     Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue their wrongful conduct.  Notwithstanding the inadequacy of, and the difficulty of presently fully ascertaining, the value of the damage to Autobytel caused by Defendants' wrongful conduct, Autobytel is informed and believes, and on that ground alleges, that said conduct has resulted in irreparable, direct, and proximate damages to Autobytel.

## THIRD CAUSE OF ACTION

### (Dilution Under Section 43(c) of the Lanham Act)

49.     Plaintiff Autobytel hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 48 above.

50.     By the acts described above, Defendants have intentionally and willfully diluted, and are likely to dilute, the distinctive quality of the famous Autobytel Marks in violation of section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

51.     The services offered by Autobytel under the Autobytel Marks have been widely advertised, promoted, and distributed to the purchasing public throughout the United States.

52.     Autobytel's services offered under the Autobytel Marks, have come to be known to the purchasing public throughout the United States as trustworthy, reputable, of high quality and offered under excellent customer service conditions. As a result, the Autobytel Marks, and the goodwill associated therewith, are of great value to Autobytel.

53.     By virtue of the wide renown acquired by the Autobytel Marks, coupled with the national reach of various services distributed under the Autobytel Marks, the Autobytel Marks are famous, and became so prior to Defendants' acts complained of herein.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

12

COMPLAINT

LITIOC/2108226v4/103246-0002                    Case No. 8:15-cv-00037

54.     Defendants' unauthorized commercial use of the Autobytel Marks in connection with the advertisement and offering of Defendants' duplicitous services has caused and is likely to continue to cause dilution of the distinctive qualities of the famous Autobytel Marks.

55.     Defendants' acts are likely to tarnish, injure, or trade upon Autobytel's business, reputation, or goodwill, and to deprive Autobytel of the ability to control the use of its Autobytel Marks and quality of services associated therewith.

56.     Autobytel is informed and believes, and on that basis alleges, that Defendants' dilution has been willful and deliberate.

57.     By reason of the aforementioned acts constituting trademark dilution, Autobytel has been damaged and is entitled to monetary relief in an amount to be determined at trial.

58.     Due to Defendants' actions constituting trademark dilution, Autobytel has suffered and continues to suffer great and irreparable injury, for which Autobytel has no adequate remedy at law.

## FOURTH CAUSE OF ACTION

### (Cyberpiracy Under 15 U.S.C. § 1125(d) of the Anti-Cybersquatting Consumer Protection Act)

59.     Plaintiff Autobytel hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 58 above.

60.     Defendants' acts as described in this Complaint including registering, trafficking in, or using the domains "autobytel.com.vehicle.gs-update-confident.com/us-en/" "www.autobytel.com.vehicle-online-protect.com/us-en;" and "www.autobytel-inc.com," which are substantially and confusingly similar to Autobytel's distinctive Autobytel Marks, with a bad faith intent to profit, constitute

COMPLAINT

LITIOC/2108226v4/103246-0002

Case No. 8:15-cv-00037

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

cyberpiracy and/or cybersquatting in violation of section 43 of the Lanham Act, 15 U.S.C. § 1125(d).

61.     By reason of its illegal conduct, Defendants have and continue to wrongfully derive income and profits from these acts, and Autobytel has sustained and will continue to sustain substantial injury, loss, and damage.

## FIFTH CAUSE OF ACTION

### (Copyright Infringement)

62.     Plaintiff Autobytel hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 1 above.

63.     By virtue of the facts alleged above Defendants are willfully infringing Autobytel's copyrights by copying whole-cloth the aesthetics and design of the Autobytel web-presence.  These uses directly infringe and/or are derivative works from Autobytel's copyrighted work.

64.     Due to Defendants' acts of copyright infringement they have obtained direct and indirect profits it would not have otherwise realized but for Defendants' infringement of the Autobytel copyrights.  As such, Autobytel is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Autobytel's copyrights in an amount to be established at trial.

65.     On information and belief, Defendants' actions were taken with actual or constructive knowledge that such conduct was infringing Autobytel's copyrights.  Based on Defendants' willful infringement, Autobytel is entitled to and will seek injunctive relief as well as enhanced and willful damages, including attorneys' fees, for Defendants' wrongful conduct.

///

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

14

COMPLAINT

LITIOC/2108226v4/103246-0002

Case No. 8:15-cv-00037

## SIXTH CAUSE OF ACTION

### (Unfair Business Practices Under California Business and Professions Code §§ 17200 et seq.)

66.     Plaintiff Autobytel hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 65 above.

67.     Defendants' infringement of the Autobytel Marks constitutes "unlawful, unfair, or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue, or misleading advertising" within the meaning of California Business and Professions Code section 17200 et seq.

68.     By reason of their illegal conduct, Defendants have and continue to wrongfully derive income and profits from these acts, and Autobytel has sustained and will continue to sustain, substantial injury, loss and damage.

69.     As a consequence of Defendants' actions, Autobytel is entitled to injunctive relief and an order that Defendants disgorge all profits on the use, display, or sale of infringing Services.

## SEVENTH CAUSE OF ACTION

### (Common Law Unfair Competition)

70.     Plaintiff Autobytel hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 69 above.

71.     Autobytel is informed and believes, and on that ground alleges, that Defendants have intentionally misappropriated the Autobytel Marks with the intent of causing confusion, mistake, and deception as to the source of their services with the intent to palm-off their services as those of Autobytel, and as such Defendants have committed unfair competition in violation of the common law of the State of California.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

15

COMPLAINT

Case No. 8:15-cv-00037

72.    The foregoing acts of Defendants have caused and will continue to cause injury to Autobytel, by depriving it of sales of its genuine services, injuring its business reputation, and by passing off Defendants' services as Autobytel's genuine services, all in violation of the common law of the State of California.

73.    Defendants' acts have caused and will continue to cause irreparable harm and damage to Autobytel, and have caused and will continue to cause monetary damage to Autobytel in an amount to be determined at trial, for which Autobytel is entitled to its actual damages, Defendants' profits, punitive damages, attorneys' fees, and costs.

## EIGHTH CAUSE OF ACTION
### (Common Law Infringement)

74.    Plaintiff Autobytel hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 73 above.

75.    Defendants' actions as set forth herein constitute trademark infringement, in violation of the common law of the State of California. Defendants' acts complained of herein are willful and deliberate and committed with knowledge that Defendants' unauthorized use of the Autobytel Marks causes a likelihood of confusion.

76.    Autobytel is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' trademark infringement in an amount that is not presently known to Autobytel.  By reason of Defendants' wrongful acts as alleged herein, Autobytel has been damaged and is entitled to monetary relief in an amount to be determined at trial.

///

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

16

COMPLAINT

LITIOC/2108226v4/103246-0002

Case No. 8:15-cv-00037

## NINTH CAUSE OF ACTION

### (Common Law Misappropriation)

77.     Plaintiff Autobytel hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 76 above.

78.     Autobytel has invested substantial time, man-hours, resources and money in adopting, developing, and using the Autobytel Marks, which are wholly Autobytel's property.

79.     In committing the acts of counterfeiting, trademark infringement, and unfair competition as alleged herein, Defendants have misappropriated and taken without permission Autobytel's property and converted it to their own use for their own benefit.

80.     Autobytel is informed and believes, and on that ground alleges, that by misappropriating and converting Autobytel's property, Defendants have benefitted greatly and illegitimately by using the Autobytel Marks to offer their services without having to make a substantial investment of their own investment capital.

81.     Defendants' acts constitute common-law misappropriation under the common law of the State of California.

82.     Defendants have been and will continue to be, unless enjoined, unjustly enriched by their acts of misappropriation.

83.     The foregoing acts of Defendants have injured and will continue to injure Autobytel by depriving it of sales of its genuine services and by injuring its business reputation and good will, all in violation of the common law of the State of California.

84.     Defendants' acts have caused and will continue to cause irreparable harm and damage to Autobytel, and have caused and will continue to cause monetary damage to Autobytel in an amount to be determined at trial, for which

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2108226v4/103246-0002

Case No. 8:15-cv-00037

Autobytel is entitled to its actual damages, Defendants' profits, punitive damages, attorneys' fees, and costs.

85.   Autobytel has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Autobytel hereby prays for the following:

A.   Judgment that Defendants have willfully committed the acts of trademark counterfeiting, trademark infringement, false designation of origin, trademark dilution, copyright infringement, cyberpiracy, unfair competition, and misappropriation alleged herein.

B.   Issuance of a temporary restraining order, and preliminary and permanent injunction, enjoining and restraining Defendants and their officers, agents, servants, employees and all those aiding or abetting or in active concert or participation with them, including any unnamed website hosting agent and all other persons or entities who receive actual notice of this Order, whether acting directly or through any person, corporation, division, or subsidiary, from the acts of trademark counterfeiting, trademark infringement, false designation of origin, trademark dilution, cyberpiracy, copyright infringement, unfair competition and misappropriation alleged herein.

C.   Issuance of an order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any services or associated products offered, sold, or otherwise promoted by Defendants are authorized by Autobytel or related in any way to Autobytel's services or products.

D.   Issuance of an order directing the transfer of the domains "autobytel.com.vehicle.gs-update-confident.com/us-en/" "www.autobytel.com.vehicle-online-protect.com/us-en;" and "www.autobytel-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

18

COMPLAINT

LITIOC/2108226v4/103246-0002                    Case No. 8:15-cv-00037

1   inc.com" to Autobytel, or alternatively, the forfeiture or cancellation of the domain

2   names.

3        E.     Damages suffered by Autobytel, trebled, and an award of all profits

4   that Defendants have derived while using the Autobytel Marks, as well as costs

5   and attorneys' fees to the fullest extent provided by law.

6        F.     Alternatively, that Autobytel be awarded statutory damages to the full

7   extent permitted under 15 U.S.C. § 1117 for each trademark that Defendants have

8   counterfeited and infringed.

9        G.    That Autobytel be awarded statutory damages to the full extent

10  permitted under 17 U.S.C §§ 504 and 505 for each copyright that Defendants have

11  infringed.

12       H.    Punitive damages.

13       I.     Attorneys fees.

14       J.     Costs of this suit.

15       K.    Interest.

16       L.     Such further relief as this Court may deem just and equitable.

18               **DEMAND FOR JURY TRIAL**

19     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff

20  Autobytel, Inc. hereby demands a trial by jury on its claims.

22  DATED: January 9, 2015     Respectfully submitted,

23                    STRADLING YOCCA CARLSON & RAUTH

24                By: */s/ Karla J. Kraft*
25                   KARLA J. KRAFT
                      DOUGLAS Q. HAHN
26                   SALIL BALI
                      Attorneys for Plaintiff
27                   Autobytel Inc.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

19

COMPLAINT

LITIOC/2108226v4/103246-0002              Case No. 8:15-cv-00037